PEOPLE, PLAINTIFF AND APPELLEE, *v.* SOTO ET AL., DEFENDANTS AND APPELLANTS.

Appeal from the District Court of Aguadilla in a Prosecution for Adultery.

No. 1599.—Decided November 26, 1920.

COMPLAINT—AFFIDAVIT—OBJECTIONS.—Objections to the form of the affidavit in a complaint or to supposed defects in the signature of the illiterate complainant come too late when made for the first time in the Supreme Court.

ADULTERY—EXCESSIVE PENALTY.—It having been proved that the adultery was committed in the home of the offending husband in the immediate presence of the wife, and it appearing that the defendants continued to live in the house after the departure therefrom of the wife and her children, the Supreme Court will not reduce the sentence of the defendants to imprisonment for one year as excessive.

The facts are stated in the opinion.

*Messrs. García Ducós* and *Villaronga* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

First in the municipal court and later, after a trial *de novo,* in the district court, the appellants were convicted of adultery and sentenced in each instance to one year in jail.

It is urged that the district court erred, first, in proceeding without jurisdiction to try the case; second, in failing

to inform the defendants of their right to a trial by jury, and, third, in imposing a sentence of one year in jail together with the costs.

The claim as to want of jurisdiction is based upon an alleged defective signature and jurat. The name "Guadalupe Martínez" is subscribed to the complaint with a cross between the given and surname, but without the usual words above and below the mark. No mention of the name of the complainant is made either in the body of the complaint or in the jurat, and for the purposes of this opinion it may be conceded that in some other respects the jurat is not to be commended as a model. But the complaint purports to have been sworn to before the clerk of the municipal court and objection to the defects in question comes too late when made for the first time in this court. *People* v. *Garcia,* 18 P. R. R. 814; *People* v. *Noble,* 9 P. R. R. 350.

Inasmuch as the appellants cite neither law nor authority in support of the second assignment, we need not dwell at length upon the question so suggested.

Nor can we agree with the appellants that the facts involved show the penalty imposed to be so clearly excessive as to require modification. The acts complained of were committed in the home of the offending husband, a two-room dwelling-house, in the immediate presence of the complaining wife and her children, and it appears that the two defendants continued to live in the house after the departure therefrom of the wife and children, this being the situation at the time of the trial in the district court.

In the circumstances we are not disposed to set aside the deliberate judgment of the two successive trial judges as to the question of a jail sentence and the duration thereof.

The judgment appealed from must be

*Affirmed*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.